WOODALL *et al. v.* TOWN OF ADEL *et al.*

1. The judgment of validation determines that the municipality has a right to incur a debt, and has complied with the conditions authorizing it to issue bonds.
2. The fact that the notice of the bond election was silent as to the collection of an annual tax affords no reason why the bonds should not be validated.
3. Even after the bonds have been validated, a provision for an annual tax must be made before the bonds can be sold and the debt be thereby actually incurred.

Submitted February 22, — Decided March 6, 1905.

Validation of bonds. Before Judge Mitchell. Berrien superior court. January 3, 1905.

On November 23, 1904, an election was held to determine whether the town of Adel should issue bonds for the purpose of raising money to erect and furnish a school building. When proceedings were instituted to have these bonds validated, J. W. F. Woodall and others intervened and objected on the ground, "that the notice calling the election for said bonds is illegal and insufficient in law; for that no provision for the levy and collection of an annual tax sufficient in amount to pay the principal of said bonds is made and provided for, and said notice does not put the taxpayers of said town on notice of the designs and purposes of . said municipality in that regard, and does not designate the amount of annual tax to be levied." On the hearing the notice was introduced, from which it appeared that an election was called to determine whether bonds should be issued for providing funds with which to erect and furnish a school building. The bonds were described, but nothing was stated as to the amount of annual tax to be levied. The chancellor validated the bonds. The intervenors excepted, making in the bill of exceptions objections to the validation beyond that contained in their petition.

*J. Z. Jackson* and *W. H. Griffin*, for plaintiffs in error.
*R. A. Hendricks, C. E. Parrish*, and *W. E. Thomas*, solicitor-general, contra.

LAMAR, J. (After stating the foregoing facts.) We shall confine ourselves to the attack on the notice made in the pleadings and passed upon by the trial judge. His decision validating the bonds is in conformity to the ruling in *Epping* v. *Columbus*, 117 *Ga.* 265 (12), 279. It was there shown that the constitution only requires the provision for the assessment and collection of an annual tax at or before the time of incurring the bonded indebtedness. Civil Code, § 5894. This debt is not incurred when the notice is given, or the election is held, or the bonds are validated. Each of these is a step preliminary to the right to incur the debt. When by a judgment of validation it appears that the municipality has complied with the requirements of the law, and has a right to issue the bonds, it must then provide for the assess-

ment and collection of the annual tax before the bonds can be put on the market and the debt be incurred.

*Judgment affirmed.    All the Justices concur.*